# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MONSERRATE DROZ,**

          **Plaintiff,**

**-vs-**                                   **Case No. 6:09-cv-836-Orl-28GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

          **Defendant.**

_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **RE: CASE # 6:09-CV-836-Orl** (Doc. No. 8) |
| **FILED:** | **January 13, 2010** |
| | **THEREON it is RECOMMENDED that the motion be GRANTED.** |

## I. PROCEDURAL HISTORY

    On May 15, 2009, Monserrate Droz (the "Plaintiff"), proceeding *pro se*, filed a one-page letter (the "Complaint") against the Commissioner of Social Security (the "Commissioner") requesting review of the final decision of the Commissioner denying Plaintiff's application for benefits. Doc. No. 1. Attached to the Complaint is a Notice of Appeals Council Action dated March 13, 2009,

which provides Plaintiff with sixty (60) days to file a civil action in the District Court. Doc. No. 1 at 3. On October 22, 2009, the Court entered an Order to Show Cause stating:

> It is hereby ORDERED that no later than eleven (11) days from the date of this Order, Plaintiff shall show cause to the Court why this case should not be dismissed for want of prosecution pursuant to Local Rule 3.10 and for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.

Doc. No. 4 at 1. The Court's October 22, 2009 order quoted the requirements of Local Rule 3.10 and Rule 4(m), Federal Rules of Civil Procedure. Doc. No. 4 at 1-2. The Court warned Plaintiff that "[f]ailure to show **good cause** or to respond to this Order **will** result in dismissal of this action without further notice. Dismissal of this case may foreclose subsequent litigation on the matter." *Id*. at 2 (emphasis in original).

On November 2, 2009, Plaintiff filed a response stating:

> I . . . am requesting an order to show cause regarding my appeal for Social Security Disability benefits. I submitted my appeal May 2009. Since the request for the appeal my condition has worsened. The medication I currently take makes me sleepy and unable to function on a daily basis. I have also had an increase in medication since the appeal.
>
> I have also had tests (EMG) to verify that I have nerve damage. I also have evidence of nerve damage in my hands and wrists (Carpal Tunnel Syndrome). I also have arthritis in my back that causes the pain to increase on a daily basis. I have lost my balance and fallen on several occasions.
>
> I lose sleep due to the pain and discomfort that starts in my back and radiates to my legs and feet. My hands go numb and I am unable to hold things without fear of dropping them. I have been unable to work because of this illness.
>
> I have tried different therapies and have to the best of my ability sought treatment to remedy my situation to no avail.

> I conclusion, I am not content with the fact that I am disabled and have been for so long. I was a healthy working woman in society prior to this time.
>
> I thank you in advance for your attention to this matter and look forward to being reinstated.

Doc. No. 5. On November 30, 2009, the Court entered an order stating that the response "does not answer why she has failed to prosecute this action or failed to comply with the Federal Rules of Civil Procedure, but rather appears to be a list of her physical complaints." Doc. No. 6 at 1. The Court noted that although Plaintiff was proceeding *pro se*, she "is still required to comply with the relevant law and rules of the court, including the Federal Rules of Civil Procedure and the Local rules for the Middle District of Florida." Doc. No. 6 at 1. Furthermore, the Court stated:

> [T]he Court has *sua sponte* reviewed Plaintiff's Complaint and finds that it is untimely on its face. <u>Plaintiff received her final decision of the Commissioner of Social Security on or about November 22, 2008, but did not file her Complaint until May 15, 2009</u>. Plaintiff had sixty (60) days from receipt of the final decision to file her Complaint. 42 U.S.C. § 405(g). Plaintiff has not shown extraordinary circumstances in the Complaint warranting an equitable tolling for the late filing. *Jackson v. Astrue*, 506 F.3d 1349, 1353 (11th Cir. 2007). Ignorance of the law is usually not a factor in satisfying the extraordinary circumstances test. *Id*. at 1356.
>
> Accordingly, Plaintiff's Complaint is dismissed without prejudice. Plaintiff may file an Amended Complaint within eleven (11) days from the date of this Order if she can carry her burden in establishing equitable circumstances that warrant the equitable tolling of her Complaint. In other words, Plaintiff must show that she has been pursuing her rights diligently but that some extraordinary circumstance prevented her from filing her Complaint in a timely manner. *Pace v. DiGuglielmo*, 540 U.S. 408, 418 (2005). Failure to file the Amended Complaint within the time allowed will result in this file being closed.

Doc. No. 6 at 1-2 (emphasis added). Plaintiff failed to file an amended complaint. Accordingly, on December 15, 2009, the Court entered an order dismissing the case without prejudice and directing the Clerk of the Court to administratively close the file. Doc. No. 7.

On January 13, 2010, Plaintiff filed a document entitled "RE: Case # 6:09-cv-836-Orl" (the "Motion") which states:

> I . . . am filing an Amended complaint regarding my appeal for Social Security Disability benefits. <u>I received a decision on my appeal on March 13, 2009</u>. <u>I was required to appeal that decision within 60 days. I submitted by appeal May 15, 2009</u>, within the required time frame. I had also received another letter dated May 20, 2009 and responded by that deadline. I have for the past three years submitted my appeals in a timely manner. . . .

Doc. No. 8. Thus, Plaintiff requests that the Court reconsider its December 15, 2009 order dismissing the case without prejudice and to reopen the case. Doc. No. 8.

## II. <u>ANALYSIS</u>

While Plaintiff did not timely respond to the Court's November 30, 2009 order (Doc. No. 6), after reviewing the Complaint and the attached order from the Appeals Council, the undersigned recommends that the Court find the Complaint was timely filed. *See* Doc. No. 1 at 2. Accordingly, pursuant to Rule 60(a), Federal Rules of Civil Procedure, the undersigned recommends that the Court:

1. **GRANT** the Motion (Doc. No 8);
2. Direct the Clerk to reopen the case;
3. Provide the Plaintiff with an opportunity to file an amended complaint;
4. Direct Plaintiff to serve the amended complaint on the Commissioner within one-hundred and twenty (120) days;

5. Failure to file an amended complaint within the time provided by Court will result in dismissal of the case without further warning; and

6. Failure to timely serve the amended complaint on the Commissioner may result in dismissal of the case.

Plaintiff should take note that this report and recommendation is not an order, but a recommendation to the District Court regarding her Motion. The District Court is free to accept or reject this recommendation. Accordingly, although this report recommends that Plaintiff be directed to file an amended complaint, Plaintiff should not file an amended complaint unless directed to do so by the District Court.

If Plaintiff objects, in any way, to this report and recommendation she must file her objections with the Court within fourteen (14) days. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar Plaintiff from attacking the factual findings on appeal. Moreover, if Plaintiff has no objection to the report and recommendation, she shall promptly notify the Court. **The Clerk is directed to send a copy of this report and recommendation to Plaintiff by Certified Mail**.

Recommended in Orlando, Florida on March 19, 2010.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party by Certified Mail